YETTA FEIN and MAX KITTNER, Respondents, v. WILLIAM BRANDRISS, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., .Mills, Rich, Blackmar and Jaycox, JJ.

THE FRANK SHEPARD COMPANY, Respondent, v. JENS C. OLSEN and Others, Defendants, Impleaded with GLENN A. BOYCE and JEANETTE A. BOYCE, His Wife, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

JACOB FRIEDMAN, Respondent, v. SAMUEL B. DAVIS and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

In the Matter of the Petition of HOMER C. BABCOCK, for Probate of the Will of EDWARD F. LANG, Deceased. BERNARD J. MORAN, Executor, etc., Appellant; HENRY F. LANG, as Administrator, etc., of CONRAD LANG, Deceased, Respondent.— Order reversed in so far as it vacates and sets aside " in all respects " the decree of probate, and modified so as to provide that the decree be vacated and set aside as to the representative of Conrad Lang, deceased. No opinion. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

ROSALIE G. JONES, Individually, and as One of the Executors and Trustees etc., of MARY E. JONES, Deceased, Respondent, v. LOUISE E. JONES and Others, as Executors and Trustees, etc., and Others, Impleaded with HELENE LUCAS WOOD, Individually, Appellant. (Appeal No. 1.) — Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, upon the ground that the complaint fails to state facts sufficient to constitute a cause of action against the defendant Helene Lucas Wood, individually. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

ROSALIE G. JONES, Individually, and as One of the Executors and Trustees, etc., of MARY E. JONES, Deceased, Respondent, v. LOUISE E. JONES and Others, as Executors and Trustees, etc., of MARY E. JONES, Deceased, and Others, Impleaded with HELENE LUCAS WOOD and Another, as Administrators, etc., of PHILIP L. JONES, Deceased, Appellants. (Appeal No. 2.) — Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, upon the ground that causes of action are improperly united. The causes of action stated in the complaint are directed to be severed into two actions, in accordance with section 497 of the Code of Civil Procedure. Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

ROSALIE G. JONES, Individually, and as One of the Executors and Trustees, etc., of MARY E. JONES, Deceased, Respondent, v. LOUISE E. JONES and Others, as Executors and Trustees, etc., of MARY E. JONES, Deceased, and Others, Impleaded with PHILIP L. JONES, JR., and Another, Appellants. (Appeal No. 3.) — Order reversed, with ten dollars costs and disbursements, and demurrer sustained, with ten dollars costs, upon the ground that causes of action are improperly united. The causes of action stated in the complaint are directed to be severed into two actions, in accordance

with section 497 of the Code of Civil Procedure.   Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

WALTER OTIS LOOMIS, as Sole Executor, etc., of THERINA A. KING, Deceased, Respondent, v. FRANK C. DILDINE, Individually, and as Trustee, etc., Appellant.— Judgment unanimously affirmed, with costs.   No opinion. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

FRANCESCO MARRONE, Appellant, v. CHARLES S. SOMERS COAL COMPANY, INC., Respondent.— Judgment modified by allowing to the plaintiff damages computed at thirty cents per ton during the summer months and fifty cents per ton during the winter months, for the coal undelivered on the stipulated amount of seventy-eight tons a week during the year 1918.   Additional findings should be made to support such modification, and as so modified the judgment is unanimously affirmed, with costs to the appellant.   The statement of the account between the parties, as found by the referee, is correct except that the referee should have found that plaintiff had established a cause of action for a breach of contract.   Under the circumstances of the case the failure of defendant to deliver to plaintiff the stipulated amount of coal — seventy-eight tons a week — was of such a nature as warranted plaintiff in refusing to proceed further and in suing for damages for a breach of the entire contract.   (Pers. Prop. Law, § 126.)*   The control of the supply of coal by the general government was not such as necessarily affected the terms and conditions of the contract; if it was, the only effect was to annul the contract, and this neither defendant nor plaintiff claims. The failure of plaintiff to pay for the coal weekly in accordance with the terms of the contract was not so material as to justify defendant in refusing to proceed further with the contract; nor did the defendant so refuse.   As plaintiff had agreed to take the coal at the market price, the measure of damages is the commission or rebate of thirty cents a ton during the summer months and fifty cents a ton during the winter months upon the coal undelivered under the contract.   Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.   Settle findings and judgment before Mr. Justice Blackmar.

MARY MIZECK, as Administratrix, etc., of JOHN MIZECK, Deceased, Respondent, v. ANTHONY O'BOYLE, Appellant.— Judgment and order reversed and new trial granted, with costs to abide the event.   (See *Fox v. Warner-Quinlan Asphalt Co.*, 204 N. Y. 240.)   Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ., concur.

SAMUEL NATHAN, Respondent, v. MORTIMER A. HARRISON, Appellant.— Judgment and order unanimously affirmed, with costs.   No opinion.   Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

ROSE M. PALMER and LILLIAN PALMER, Appellants, v. ROTARY REALTY Co., INC., and Others, Respondents.— Order affirmed, with ten dollars costs and disbursements.   No opinion.   Jenks, P. J., Mills, Rich, Kelly and Jaycox, JJ., concur.

ANDREA POLO, Appellant, v. JOHN H. SCHEIDT, Respondent.— Judgment

---

* Added by Laws of 1911, chap. 571.— [REP.